1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ROSS SHADE,

10            Plaintiff,                    No. 2:08-cv-1068 FCD JFM PS

11        vs.

12   WELLS FARGO BANK, et al.,              ORDER AND

13            Defendants.                   ORDER TO SHOW CAUSE

14   _____/

15          Plaintiff is proceeding pro se and seeks leave to proceed in forma pauperis. 28

16   U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff

17   seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

18          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

19   unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in

20   forma pauperis will be granted. 28 U.S.C. § 1915(a).

21          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

22   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

23   granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

24   § 1915(e)(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.

4              A complaint, or portion thereof, should only be dismissed for failure to state a

5    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

6    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

7    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

8    v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9    complaint under this standard, the court must accept as true the allegations of the complaint in

10   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

11   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

12   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13             Congress enacted the FDCPA "to eliminate abusive debt collection practices by

14   debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

15   practices are not competitively disadvantaged, and to promote consistent State action to protect

16   consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The statute is very broad and

17   must be enforced as written, even in the face of an innocent and/or de minimis violation.  See

18   Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir.1992).  This court must evaluate the defendant's

19   conduct under the "least sophisticated consumer" test, and objectively determine whether that

20   consumer would be misled.  Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1029 (6th Cir.

21   1992).

22             Here, however, it appears that plaintiff's claims are time-barred.  Title 15 U.S.C.

23   § 1692k(d) provides that an action brought under the FDCPA may be brought "within one year

24   from the date on which the violation occurs."  Id.

25   /////

26   /////

2

1    An FDCPA cause of action accrues on "the date of the violation," not the date that

2  a plaintiff discovers the misconduct. 15 U.S.C. § 1692k(d).[1]  For example, a cause of action

3  arising from misrepresentations in a demand letter accrues on the date of mailing, not the date of

4  receipt.  Mattson v. United West Communications, Inc., 967 F.2d 259, 261 (8th Cir.1992)  By

5  contrast, an allegation that certain disclosures were not made in connection with attempts to

6  collect a debt, in violation of § 1692g, would not ripen until five days have passed after the initial

7  communication was made.  15 U.S.C. § 1692g (debt collector can satisfy disclosure obligations

8  so long as it makes disclosures in a written notice sent "[w]ithin five days of the initial

9  communication.")

10    In the instant complaint, plaintiff challenges contacts made by defendants on

11  November 28, 2003 and April 12, 2004, and their failure to respond to plaintiff's written letter

12  dated December 15, 2003.

13    Here, any alleged wrongdoing that occurred prior to May 16, 2007 is time-barred

14  because it occurred more than one year before plaintiff filed the instant complaint.  This action

15  was commenced on May 16, 2008, well beyond the latest possible date of accrual.  Thus,

16  plaintiff's claims are time-barred.

17    Even assuming defendants somehow violated plaintiff's rights under the FDCPA

18  by filing the complaint in Yolo County Superior Court on June 17, 2005, the instant complaint is

19  untimely.  Prade v. Jackson & Kelly, 941 F.Supp. 596, 599-600 (N.D. W.Va. 1996)(violation

20  occurred and statute of limitations started to run on either the day the complaint was filed or the

21  day it was served, but deciding between the two alternatives was unnecessary.)  Presuming the

22

23    [1]  Courts have consistently hold the statute of limitations runs from the date the
misconduct occurred.  See, e.g., Magnum v. Action Collection Service, Inc., Case No.

24  05-cv-0507, 2007 WL 1959076, at *2-3 (D.Idaho.2007) (rejecting argument that FDCPA claim
accrues when plaintiff discovered violation and finding that statute of limitations began to run

25  when defendant allegedly violated FDCPA); Naas v. Stolman, 130 F.3d 892, 893 (1997);
Mattson v. United West Communications, Inc., 967 F.2d 259, 261 (8th Cir.1992) (holding that

26  cause of action accrues not when plaintiff received letter but when defendant mailed letter
because this was "the last opportunity to comply with the FDCPA").

1   complaint was served within four months of the date it was filed, Fed. R. Civ. P. 4(m), plaintiff's

2   instant filing was still over one and a half years too late.

3           Because all of the allegations in the complaint took place prior to May 16, 2007,

4   plaintiff's claims are time-barred under 15 U.S.C. § 1692k(d).  Plaintiff will be ordered to show

5   cause why this action should not be dismissed as barred by 15 U.S.C. § 1692k(d).  Failure to

6   show cause will result in a recommendation that this action be dismissed.

7           In accordance with the above, IT IS HEREBY ORDERED that:

8           1.  Plaintiff's request to proceed in forma pauperis is granted;

9           2.  Within thirty days from the date of this order, plaintiff shall show cause, if any

10  he may have, why this action should not be dismissed as time-barred.  15 U.S.C. § 1692k(d).

11  DATED:  August 21, 2008.

13  _____
    UNITED STATES MAGISTRATE JUDGE

15  /001; shade1068.osc

4