1  Ross Shade
2  26 Gibson Rd
3  Woodland, CA 95695
4  Tel. 530-666-4817

FILED
SEP 1 1 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS SHADE<br>    Plaintiff<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br>ESKANOS & ADLER, A Professional Corporation,<br>BARRY ADLER; JEROME M. YALON, JR<br><br><br>Does 1 - 100 | CASE NO.<br>2:08-CV-1068 FCD JFM<br><br>AMENDED<br>COMPLAINT<br><br>Filed May 16, 2008<br><br>Request Jury Trial |

**Plaintiff alleges 1**: That defendant Eskanos & Adler, A Professional Corporation, on June 17, 2005 filed a Complaint in the Superior Court of the County of Yolo said to be on behalf of Wells Fargo Bank N.A. claiming plaintiff owed its supposed client $8,300.46.

***

**Plaintiff alleges 2**: That based on admissions by defendant, Eskanos & Adler is a *Debt Collector Law Firm* subject to the California and federal *Fair Debt Collection Practices Acts*.

***

**Plaintiff alleges 3:** That based on admissions Barry Adler and Jerome M. Yolon, Jr. and others (Does) are attorneys and principals of the debt collector law firm Eskanos & Adler.

***

1

1   **Plaintiff alleges 4:** That Eskanos & Adler (i.e., as a *Debt Collector*),
2   previously (on December 26, 2003) sued plaintiff Ross Shade supposedly on
3   behalf of Direct Merchants Credit Card Bank without providing verification or
4   validation of the debt.
5                                              ***
6   **Plaintiff alleges 5:** That Eskanos & Adler has sued or threatened to sue
7   hundreds of senior citizens or disabled people unable to pay consumer debts in
8   which Eskanos & Adler claimed they represented *banks* attempting to collect
9   unpaid consumer debt but failed to comply with FDCPA provisions that require
10  they obtain and provide verification or validation of the existence and amount of
11  the debt.
12                                             ***
13  **Plaintiff alleges 6:** That, although it is uncertain as to the involvement of
14  Plaintiff Wells Fargo Bank N.A, representatives said to be from *Wells Fargo*
15  attended trade shows during years *2003-2006 in Las Vegas* sponsored by *Debt*
16  *Buyers' Association at which debt buyers buy portfolios* [defined as lists of names
17  and other information about persons who have been unable or unwilling to pay
18  amounts said to be receivable by the debt seller].
19                                             ***
20  **Plaintiff alleges 7:** That, although the names of debt buyers, debt sellers
21  and others are not know, Eskanos & Adler has filed numerous lawsuits in which
22  fraud was perpetrated by claiming they were representing *banks* when in fact they
23  were representing debt buyers who had acquired only *information* from debt
24  sellers who themselves had no right to dollar amounts shown as unpaid on the
25  lists. For purposes of this action if debt buyer is not Eskanos & Adler debt buyer
26  that have engaged Eskanos & Adler shall be Doe 1, debt seller is other that Wells
27  Fargo Bank N.A. shell be Doe 2 and others responsible Doe 3-100.
28                                             ***

1  **Plaintiff alleges 8:** That, when Eskanos & Adler filed lawsuits in which
2  they claim they are representing banks (supra), this pretext is violation of section
3  132 of the California Penal Code and a false representation of the character, or
4  legal status of a debt (i.e., violation of USC 15 section 1692(e)(2)(a)) as it was
5  intentionally untrue.

6                                    ***

7  **Plaintiff alleges 9:** That, although it is uncertain as to the involvement of
8  Wells Fargo Bank N.A. and name of *debt buyer* is not known, debt buyer (Doe
9  No.1) obtained the names and information about persons (including information
10 about Plaintiff) that Doe No. 1 then *communicated* to others assisting in collection
11 debt collection including Eskanos & Adler, Doe No. 2, and others in violation of
12 section 1788.12(c) of California Civil Code.

13                                   ***

14 **Plaintiff alleges 10:** That the officers of Wells Fargo Bank N.A. knew or
15 should have known that this account information (supra) was being sold and
16 would, in the hands of the buyer, be misrepresented as giving the *debt buyer* the
17 right to sue to collect the account balance in the name of the Wells Fargo Bank.

18                                   ***

19 **Plaintiff alleges 11:** That in order to maintain the *liquidity* required by the
20 U.S. Treasure Department and as reported by the Office of the Comptroller of the
21 Currency it was and is customary for Wells Fargo Bank N.A. to package and sell
22 *consumer debt account balances*, but retain the *account information* in order to
23 *service* the accounts on behalf of others who may subsequently own the account
24 balance.

25                                   ***

26 **Plaintiff alleges 12:** That defendant Wells Fargo Bank N.A. after selling
27 credit card *account balances* did not inform the debtors that the bank no longer
28 owns the *account balances*.

29                                   ***

1    **Plaintiff alleges 13:** That *Debt Buyers Association* sponsored *trade shows*
2    in *Las Vegas* during 2000 - 2007 to which, besides hundreds of others engaged in
3    the business of purchasing consumer debts for purposes of reselling or collection,
4    *Wells Fargo* and Eskanos & Adler also attended.
5                                          ***
6    **Plaintiff alleges 14:** That *Eskanos & Adler* was interested in the purchase
7    of credit card debt acquired by debt buyers attending the trade shows (supra).
8                                          ***
9    **Plaintiff alleges 15:** That defendant Eskanos & Adler by attending the
10   *trade shows* (supra) directly or indirectly acquired assignment to sue, even if such
11   was pretext, violated California Business & Professions Code section 6129.
12                                         ***
13   **Plaintiff alleges 16:**  That defendant, Eskanos & Adler as part of a scheme
14   violated Fair Debt Collections Act by failing to obtain any valid verification or
15   validation of account from plaintiff Wells Fargo Bank, N.A. after first contacting
16   plaintiff Ross Shade on April 12, 2004 and before filing Complaint on June 17,
17   2005 (i.e., Eskanos & Adler refrained from filing the lawsuit for over a year and
18   also ignored the FDCPA requirement that they provide a verification or
19   verification of the supposed outstanding debt. This was a scheme in order to *evade*
20   the law as opposed to *avoid acts that violate the law*. (i.e., failed to provide timely
21   response to request for verification but to avoid being sued for violation of
22   FDCPA waited 14 months because statute of limitation of 12 months per statute in
23   effect evading the intent if not the wording of the FDCPA statute, if in fact that
24   statute applied here.
25                                         ***
26   **Plaintiff alleges 17:**  That Plaintiff suffered great harm when the Superior
27   Court on June 6, 2007 refused to reconsider judgment for $8,300.46 plus
28   $1,710.09 in favor of Wells Fargo Bank and that loss prior to that date would have
29   been speculative.

1          ***

2          **Plaintiff Alleges 18:** When in prior case (i.e., Direct Merchants Credit
3   Card Bank v Shade, *supra*) were Defendant Eskanos & Adler also failed to contact
4   the Direct Merchants Credit Card Bank to obtain verification / validation of the
5   debt after receiving a timely request (for verification / validation of the claim
6   money was payable), Plaintiff filed a timely appeal of Superior Court's Judgment
7   to the Appellant Division of the Superior Court of the County of Yolo. Clerk of
8   the Court was to Prepare the Clerk's Transcript on Appeal in order that Plaintiff
9   could file the Appellant's Opening Brief but that Clerk's Transcript was never
10  prepared, Plaintiff has been unable to complete and file the Opening Brief and
11  Writs filed in Oct. 2006 and March 2007 were ignored by the Appellant Court.
12         ***

13         **Plaintiff Alleges 19:** That Eskanos & Adler is one of several Debt
14  Collection Law Firms that have in the past year or years filed a substantial number
15  of debt collection cases in the Superior Court of the County of Yolo; that generally
16  are not answered by the Credit Card Holder who is being sued. Payments of the
17  filing fees benefit the Court because issue of default judgments require little time
18  on the part of the judges of this Court that according to Victor Patenaude (i.e., of
19  Patenaude & Felix Debt Collector Law Firm) confirmed that *this Court does not*
20  *care who his firm shows as the plaintiff* during meet and confer conference
21  pertaining to case Bank of America vs. Shade which if true makes the Court
22  suspect.
23         ***

24         **Plaintiff Alleges 20:** That defendant, Eskanos & Adler, <u>is perpetrating</u>
25  <u>fraud</u> based on fact that record shows Debt Collection Law Firm have <u>previous</u>
26  <u>violated</u>  the FDCPA (supra), and based on information and belief has <u>filed</u>
27  <u>hundreds of lawsuits in which they have blatantly ignored the FDCPA</u>
28  requirements.
29         ***

1     **Plaintiff Alleges 21:** That Defendants Barry Adler and Jerome M. Yalon
2 Jr. are two attorneys who under authority of Eskanos & Adler were responsible for
3 their own action and that of the Law Firm and that others are included here as
4 Does 5 through 10.

5     **Plaintiff alleges 22:** That persons representing Eskanos & Adler attended
6 events sponsored by <u>Debt Buyers Association</u> and by so doing showed an interest
7 in directly or indirectly buying account balances with the purpose of suing persons
8 whose names appear on a list of persons who were unable or unwilling to pay
9 account balances being serviced by Wells Fargo Bank but who may or may not
10 have actually owed Wells Fargo Bank N.A. (<u>i.e.</u>, to excite litigation and <u>violated</u>
11 <u>California Business and Professions Code Sections 6128, 6129 and 6151</u>) and the
12 fact that they themselves were being deceived does not excuse these violations.

13     \*\*\*

14     **Plaintiff alleges 23:** That others included as defendants herein, were
15 officers, directors, and administrators who know or should have known of the
16 activities of Eskanos & Adler, associates and others as Does 10 - 100 that also
17 assisted in the unfair collection of debts and were subject to the provisions of the
18 California Fair Debt Collection Practices Act or U.S. FDCPA ,whichever provides
19 the greatest protection of plaintiff's rights.

20     \*\*\*

21     **Plaintiff alleges 24: That** Eskanos & Adler <u>has shown disrespect for the</u>
22 <u>law and courts</u> (1) First in December 2003 when defendant failed to contact Direct
23 Merchants Band as required by the FDCPA provision that they provide a
24 verification after receipt of a timely letter in which this was requested (<u>i.e.</u>, a
25 lawsuit concerning Direct Merchants Credit Card Bank filed within 30 days after
26 first contact); (2) Second when after timely receipt of written request for
27 verification on or about April 25, 2004 concerning credit card debt supposedly
28 payable to Wells Fargo Bank N.A.; here the Eskanos & Adler failed to obtain any
29 verification or validation of the debt but they <u>waited for 14 months</u> in order to file

1  the Complaint (i.e., as a part of a scheme to avoid litigation rather than comply
2  with the law), rather than provide verification from Wells Fargo Bank N.A. that
3  Eskanos & Adler claimed was their client and now expects this Court to rule that
4  Plaintiff should have filed this action on or about April 25, 2005 even before
5  Defendant had filed their Complaint on June 17, 2005.  This could not have been
6  the *intent* of Congress.
7                                              ***
8                                          **PRAYER**
9       Plaintiff asks Court to examine the law pertaining to statute of limitations
10 and apply that which has been adopted in all other areas of the law (i.e., that the
11 statute does not start to run until the manifestations of the injury are known; Budd
12 v Nixen (1971) 6 Cal.3d 195, 200 (referred to as the Budd Rule in cases) see also
13 U.S. v Gutterman No.81-4520(1983)701 F.2d 104.
14
15                                             ***
16                                         **RELIEF**
17      Plaintiff prays that court will award compensatory damages of $500,000
18 and compensatory damages of $4,000,000 and ask the court to take judicial notice
19 of California law (Civil Code Section 3345) and award exemplary damages
20 including triple exemplary damages based on defendants' suing senior citizens or
21 those who are also disabled  Although the role of Wells Fargo Bank in the fraud
22 practiced by the debt buyers may be *passive*, allowing or providing the
23 information that enabled others to defraud is wrong and should cease.  Although
24 this case has been filed pertaining Wells Fargo Bank, Plaintiff prays that this court
25 might also rule concerning Plaintiff's rights as to Eskanos & Adler's actions in the
26 Direct Merchants Credit Card Bank Case or prevent further attempts to collect on
27 a judgment supposedly to Direct Merchants Credit Card Bank that was at the time
28 judgment was granted that bank was no longer in business.
29                                             ***

1
2
3
4
5
6                         **VERIFICATION**
7    I, Ross Shade, am the plaintiff in this case, have prepared this Amended
8    Complaint and declare under penalty of perjury that the forgoing is true and
9    correct and that this has been executed in the State of California, County of Yolo
10   on this:
11   September _10_ 2008        *R Shade*
12                              Ross Shade
13