IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSS SHADE,

        Plaintiff,                      No. 2:08-cv-1068 FCD JFM PS

    vs.

WELLS FARGO BANK, et al.,        ORDER AND

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss came on regularly for hearing March 26, 2009. Plaintiff appeared in propria persona. Paul E. Vallone appeared for defendant Wells Fargo Bank, N.A. Birgit Stuart appeared for defendants Eskanos & Adler, P.C., Barry Adler and Jerome M. Yalon, Jr.

        Plaintiff alleges, *inter alia,* that defendants violated his rights under the FDCPA by filing suit against him on June 17, 2005 and on December 26, 2003, without providing plaintiff verification or validation of the debts allegedly owed.

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen,

395 U.S. 411, 421 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Generally, in the context of a motion to dismiss, review is limited to the contents in the complaint.  Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir.1995).  When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment.  However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989).  Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim.  See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part.  See In re Stac Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105 (1997).  This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir.1998). Thus, a court may consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Records from the state court are subject to

1  judicial notice. <u>Miles v. State of California</u>, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid.
2  201(d).
3          The purpose of the FDCPA is

> to eliminate abusive debt collection practices by debt collectors, to
> insure that those debt collectors who refrain from using abusive
> debt collection practices are not competitively disadvantaged, and
> to promote consistent State action to protect consumers against
> debt collection abuses.

15 U.S.C. § 1692(e).  The FDCPA was designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether valid debt actually exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775 (9th Cir. 1982). The FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce
> or the mails in any business the principal purpose of which is the
> collection of any debts, or who regularly collects or attempts to
> collect, directly or indirectly, debts owed or due or asserted to be
> owed or due another.

15 U.S.C. § 1692a(6).

        The statute of limitations for a claim under the FDCPA is one year.  Specifically, 15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurred."  15 U.S.C. § 1692k(d).  Generally, "an action must be filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA."  See <u>Padilla v. Payco General American Credits, Inc.</u>, 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); <u>Pittman</u>, 969 F.Supp. at 611.  It is important to note that the FDCPA specifically states the statute of limitations runs from the "date on which the violation occurred."  <u>Naas v. Stolman</u>, 130 F.3d 892, 893 (9th Cir.1997) (holding that statute of limitations runs from the time of the purported violation); <u>Watkins v. Peterson Enterprises</u>, 57 F.Supp.2d 1102, 1106 (E.D.Wash. 1999) (citing <u>Naas</u>) ("The [FDCPA] limitations period runs from the date of the offending act.").

        Here, plaintiff challenges the filing of debt collection actions by defendants on June 17, 2005 and on December 26, 2003.  Plaintiff did not file the instant action until May 16,

2008, well beyond the one-year statute of limitations period. Plaintiff's argument that the limitations period should not begin to run until plaintiff became aware of the violation, is more appropriately applied in California's professional malpractice context. This court is bound by the Circuit's holding that the limitations period begins on the date of the FDCPA violation which in this instant was the date of the filing of the state court actions, just as it was in Naas. Id., 130 F.3d 893. This action is, therefore, time-barred and should be dismissed.

To the extent plaintiff attempts to bring this action on behalf of other consumers, plaintiff's claims also fail. This case is not proceeding as a class action. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). In addition, plaintiff has no standing to bring an action to recover damages for alleged harm to others. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972).

Moreover, plaintiff has failed to state a cognizable claim against defendant Wells Fargo Bank. Plaintiff has included no factual allegations against this defendant that can state a claim under the FDCPA. Moreover, because plaintiff's claims are time-barred, allowing plaintiff to further amend his complaint to state a claim against Wells Fargo Bank would be futile.

Because plaintiff's federal claim is time-barred, this court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).[1]

On May 21, 2009, plaintiff filed a request to file a second amended complaint. Because plaintiff's action is time-barred, granting plaintiff leave to amend would be futile. "Leave to amend need not be granted when an amendment would be futile." In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097 (9th Cir.2002). Granting leave to amend is futile where the added claim would be barred by the statute of limitations. Deutsch v. Turner Corp., 324 F.3d 692, n.20 (9th Cir.2003). Thus, plaintiff's May 21, 2009 motion to file a second amended

---

[1] California's Rosenthal Act, Cal. Civil Code § 1788, also has a one-year statute of limitation period. Cal. Civ. Code § 1788.30(f).

4

complaint will be denied. Plaintiff's February 24, 2009 motions to add defendants and for protective order will also be denied.

In light of the above, defendants' February 9, 2009 motion to strike will be denied.

On May 15, 2009, plaintiff filed a request for accommodation, stating he would undergo surgery on June 8, 2009. Good cause appearing, plaintiff will be allowed sixty days in which to file objections to the findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 24, 2009 motion to add defendants (#28) and motion for protective order (#29) are denied;

2. Defendants' February 9, 2009 motion to strike is denied;

3. Plaintiff's May 15, 2009 request for accommodation is granted; and

IT IS RECOMMENDED that:

4. Defendants' February 9, 2009 motions to dismiss (Nos. 12 & 15) be granted;

5. The court should decline to exercise supplemental jurisdiction over plaintiff's state law claims;

6. This action be dismissed as time-barred; and

7. Plaintiff's May 21, 2009 motion to file a second amended complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within sixty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////
/////
/////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001;shade1068.mtd